# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

GREGORY NORWOOD,

               Plaintiff,

   v.

SUZAN HUBBARD, et al.,

               Defendants.

_____/

CASE NO. 1:09-cv-00690-AWI-GSA PC

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

(Doc. 1)

Included with Plaintiff's complaint is a motion seeking the appointment of counsel.  Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court  must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  First, in a Findings and Recommendations issued concurrently with this order, the Court found that Plaintiff

1

failed to state a claim upon which relief may be granted and that Plaintiff 's claim was frivolous. Id. Second, Plaintiff is able to adequately articulate his claims. Id. Therefore, Plaintiff's motion for the appointment of counsel is HEREBY DENIED.

    IT IS SO ORDERED.

**Dated:    September 11, 2009            _____/s/ Gary S. Austin_____**
                                        UNITED STATES MAGISTRATE JUDGE