# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY NORWOOD,<br><br>          Plaintiff,<br><br>     v.<br><br>SUZAN HUBBARD, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:09-cv-00690-AWI-GSA PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM AND AS FRIVOLOUS<br><br>(Doc. 1)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**Recommendation of Dismissal Following Screening of Complaint**

**I.     Screening Requirement**

Plaintiff Gregory Norwood, a state prisoner proceeding pro se, filed this civil action in Kings County Superior Court on December 30, 2008.[1] Defendant Clark removed the action to this court on April 16, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

---

[1] Plaintiff seeks certification of this litigation as a class action. However, Plaintiff is not an attorney and is proceeding without counsel. A non-attorney proceeding pro se may bring his own claims to court, but may not represent others. Fymbo v. State Farm Fire & Casualty Co., 213 F.3d 1320, 1321 (2000); Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997); C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987). A pro se litigant simply cannot "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); Fymbo, 213 F.3d at 1321. Therefore, this action will be construed as an individual civil suit brought by Plaintiff rather than as a class action.

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

**II.     Plaintiff's Claims**

Plaintiff, who is incarcerated at the California Substance Abuse Treatment Facility in Corcoran, brings this action against Warden Ken Clark and California Department of Corrections and Rehabilitation Director Suzan Hubbard.[2] Plaintiff alleges that the installation of Flushometers in inmates' cells, which occurred on March 18, 2008, constitutes cruel and unusual punishment, in violation of his rights under the United States and California Constitutions. The Flushometers limit inmates to two toilet flushes within ten minutes. If a third toilet flush occurs within that time frame, a thirty minute lock-out occurs. Plaintiff alleges that inmates on that facility are double celled and receive their meals in their cells. Plaintiff complains that there are times when the cells smell of defecation during meal time, and that if two flushes within ten minutes have already occurred, inmates have to either refrain from relieving themselves, which causes physical problems, or relieve themselves in a toilet that already contains waste.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.[3] Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).

---

[2] Defendant Hubbard did not join in the notice of removal and there is no evidence in the record that she was served.

[3] "Punishment" has the same meaning under the federal and state constitutions. In re Alva, 33 Cal.4th 254, 291, 92 P.3d 311, 333-34, 14 Cal.Rptr.3d 811, 838-39 (Cal. 2004). Therefore, the Court's analysis of Plaintiff's claim under the Eighth Amendment encompasses his claim brought under Article 1, Section 17 of the California

Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).

Plaintiff's claim that installation of the Flushometers violates his federal and state constitutional rights is frivolous, and trivializes the importance of the protection against conditions of confinement that rise to the level of cruel and unusual punishment. Two toilet flushes every ten minutes, twenty-four hours a day is more than adequate to satisfy the constitutional guarantee of adequate sanitation. Compare Johnson, 217 F.3d at 729-30 (prison officials not entitled to summary judgment on Eighth Amendment claim where inmates were kept on the yard for four days following a riot, some of that time without toilet facilities, leading some inmates to urinate and defecate in their clothes, which they were forced to wear for the four days).

### III.  Conclusion and Recommendation

Plaintiff's complaint fails to state a claim upon which relief may be granted. The deficiency is not curable through amendment, Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987), and therefore, the Court RECOMMENDS dismissal of this action, with prejudice, for failure to state a claim and as frivolous.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

---

Constitution.

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   September 11, 2009**                          **/s/ Gary S. Austin**
                                                                              UNITED STATES MAGISTRATE JUDGE